UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4945

LAUREN MURPHY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-97-220)

Submitted: July 7, 1998

Decided: August 3, 1998

Before WIDENER and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Margaret A. Chamberlain, Greenville, South Carolina, for Appellant.
David Calhoun Stephens, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lauren Murphy appeals her conviction and sentence, imposed after a jury trial, of making, uttering, and possessing forged securities with the intent to deceive another person or organization, in violation of 18 U.S.C. § 513 (1994). Murphy's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that the district court erred by denying Murphy's motion for acquittal, and that the district court erred by sentencing Murphy at the top of the guideline range. However, counsel states that in her view there are no meritorious grounds for appeal. Murphy was informed of her right to file a supplemental informal brief, but she failed to so do. We affirm.

The Government's evidence at trial established that Tracy Waddell, who was indicted with Murphy but pled guilty, was employed by Carolina Sealcoate and Paving Systems as a bookkeeper. After Waddell was fired, Carolina Sealcoate discovered that she had been stealing business checks, forging her employer's signature, and cashing the checks.

Murphy and Waddell were friends, and Murphy was aware of Waddell's having cashed forged Carolina Sealcoate checks. Waddell and another mutual friend offered Murphy $200 to cash a Carolina Sealcoate check in the amount of $1200. Murphy then offered her co-defendant Jannie Frazier $100 to walk into a bank and cash the check. Frazier admitted that she knew the check was stolen. Murphy drove Frazier to a bank, and Frazier went in to cash the check while Murphy waited in the car. The bank determined that the check was stolen, and both Murphy and Frazier were then questioned at the bank by a United States Secret Service agent. At the close of the evidence, Murphy and Frazier moved for acquittal under Fed. R. Crim. P. 29, and the motions were denied by the court.

Murphy's presentence investigation report set her base offense level at six under U.S. Sentencing Guidelines Manual § 2F1.1(a) (1997). Murphy's total offense level of six and a criminal history category of I resulted in a guideline imprisonment range of 0-6 months. The district court sentenced Murphy to six months' imprisonment.

2

The evidence was sufficient to show Murphy knowingly violated 18 U.S.C. § 513(a). She was aware of Waddell's having cashed forged Carolina Sealcoate checks in the past. In return for cashing a $1200 Carolina Sealcoate check, Waddell offered to pay Murphy $200. Murphy in turn was going to pay Frazier $100 to go in the bank herself and cash the check. Frazier admitted to knowing the check was stolen. The district court did not err in denying Murphy's Rule 29 motion. See 18 U.S.C. § 513(a); Fed. R. Crim. P. 29; United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992).

Further, Murphy's guideline range was correctly computed. See USSG § 2F1.1(a), Ch. 5, pt. A. Murphy's sentence was within guideline range and well within the statutory maximum. See 18 U.S.C. § 513(a); USSG Ch. 5, Pt. A. A sentence within a correctly calculated guideline range is not subject to appellate review. See United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994); United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Because the record discloses no reversible error, we affirm Murphy's conviction and sentence. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED